UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In Admiralty

| | |
|---|---|
| ST Engineering Halter Marine & Offshore,. Inc., d/b/a Halter Marine & Offshore<br>*Plaintiff*,<br><br>VERSUS<br><br>M/V RALPH E. BOUCHARD<br>apparel, appurtenances,<br>etc., *in rem*<br>BOUCHARD TRANSPORTATION CO., INC.<br>*In personam* | CIVIL ACTION NO. 1:19cv955LG-RHW<br><br><br>JUDGE _____<br><br><br>MAGISTRATE _____ |

**VERIFIED COMPLAINT, REQUEST FOR ORDER TO ARREST VESSEL, AND REQUEST FOR ORDER TO ATTACH FUEL**

Pursuant to Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B, and C, Plaintiff, ST Engineering Halter Marine & Offshore d/b/a Halter Marine & Offshore ("STEHMO") files this Verified Complaint against the M/V RALPH E. BOUCHARD *in rem* and her disponent owners Bouchard Transportation Co. Inc., (hereafter "Bouchard") *in personam,* seeking damages and enforcement of its maritime lien against the M/V RALPH E. BOUCHARD, *in rem,* seeking damages for breach of contract that includes interests calculated until paid in full, as well as, attorney's fees, pursuant to Federal Rule of Civil Procedure 9(h,), in addition to seeking attachment of Bouchard's property that is found within the district. STEHMO alleges upon information and belief as follows:

1

## I. PARTIES

1. Plaintiff is ST Engineering Halter Marine & Offshore, Inc. d/b/a Halter Marine & Offshore ("STEHMO"). At all material times, STEHMO was and is a corporation organized under the laws of Delaware with its principal place of business in Pascagoula, Mississippi.

2. Defendant Bouchard Transportation Co., Inc., is a corporation organized and existing under the law of New York, with its principal offices located in Melville, New York. Service of process may be made by serving Morton S. Bouchard III at 48 South Service Rd, Suite 150, Melville, New York, 11747.

3. The M/V RALPH E. BOUCHARD (IMO #8809983) is a towing vessel which is owned by Bouchard and is currently located within the District, and more particularly at STEHMO's shipyard in Pascagoula, Mississippi, located at 900 Bayou Casotte Parkway, Pascagoula, Mississippi 39581.

4. Defendant Bouchard engaged STEHMO to perform various repairs, goods, and services on the M/V RALPH E. BOUCHARD.

5. As part of the work performed by STEHMO on the M/V RALPH E. BOUCHARD, STEHMO was required to offload approximately 102,000 gallons of fuel from the M/V RALPH E. BOUCHARD and into tanks that are located on-land in STEHMO's shipyard. STEHMO is currently paying to rent those tanks for storage of the fuel.

6. The fuel is owned by Defendant Bouchard and is located within the district at 900 Bayou Casotte Parkway, Pascagoula, Mississippi 39581.

## II.   JURISDICTION AND VENUE

7. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B and C.

8. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333.

9. Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rules B and C.

## III.   FACTS

8. STEHMO is a shipyard which engages in ship design, construction, and repair for both public and private clients.

9. Bouchard is a barge company which owns and operates vessels for the purpose of transportation of petroleum and other materials.

10. Bouchard has engaged STEHMO for the repair of many of its vessels.

11. On August 29, 2019, STEHMO provided to Bouchard a pricing proposal for specific work to be performed on the ATB Ralph Bouchard and 230.  *See* 8/29/2019 Pricing Proposal, attached as Exhibit A.

12. The Pricing Proposal provided that payment would be due at the following milestones – 50% of contract price before undocking and 50% contract price and outstanding change orders upon project completion.  *See* Exhibit B.

13. The Pricing Proposal incorporated the Standard Rate Sheet with Terms and Conditions. *Id.*

14. Section 3 of the Standard Rate Sheet with Terms and Conditions sets out the terms and conditions that govern the work performed by STEHMO for Bouchard and on behalf of the M/V RALPH E. BOUCHARD. *See* Labor & Equipment Ship Repair Rates, Bouchard Transportation/ATB Ralph Bouchard/230, Control No. 19-032, attached as Exhibit G.

15. Section 1(b) defines "Contract" as the document executed by the Contractor and Customer for repair of the vessel to which these Conditions are attached to and/or incorporated by reference and any other document expressly incorporated. *Id*, §1(b).

16. Section 7 provides that if the customer fails to make payment on the due date then, the Contractor shall be entitled to charge interest on the amount unpaid at the rate of 1 percent per month, until full payment is made, with a part of the month being treated as the full months for purpose of calculating interest. *Id.*, §7.

17. Section 24 provides that the Contract shall be governed in accordance with general maritime law, and any dispute shall be heard in the United States District Court for the Southern District of Mississippi. *Id.*, §24.

18. It further provides that the customer shall pay all legal fees, including attorneys fees, incurred in obtaining a judgment in favor of the Contractor. *Id.*, §24.

19. On September 20, 2019, Bouchard issued Purchase Order No. 9059313 and engaged STEHMO to perform repairs and provide necessaries to the M/V RALPH E.

BOUCHARD laid out in Purchase Order No. 9059313 and the Pricing Proposal. *See* Purchase Order No. 9059313, attached as Exhibit C.

20. On November 4, 2019, Morton Bouchard, the owner of Bouchard, explicitly agreed to the work proposed in the Pricing Proposal and accompanying prices. *See* 11/7/2019 correspondence, attached as Exhibit B.

21. STEHMO performed various repairs, labor, and materials to the M/V RALPH E. BOUCHARD, and the work was billed through Invoices V115003 and V115004. *See* Invoices, attached *en globo*, as Exhibit D.

22. The invoices were submitted to Bouchard, but Bouchard has thus far failed to pay the invoices.

23. On November 13, STEHMO sent a demand letter to Bouchard requesting payment on Invoices V115003 and V115004 within seven calendar days. *See* 11/13/2019 Demand Letter, attached as Exhibit E.

24. The letter was delivered via certified mail to Bouchard Transportation. See Certified Mail Receipt, attached as Exhibit F.

25. The total outstanding payment on Invoices V115003 and V115004 is $657,840.99.

26. Attached as Exhibits D are true and accurate copies of STEHMO'S Invoices V115003 and V115004, in addition to the relevant Purchase Order and Change Orders. *See* Exhibits D.

27. As a result of the nature of the repairs, STEHMO was required to offload fuel from the M/V RALPH E. BOUCHARD and has had to pay for storage of the fuel, in addition to wharfage and power costs, since the time of the original demand.

28. STEHMO has incurred $32,532.32 in fuel storage costs, wharfage, and power costs, as evidenced in Invoice V115005.  *See* Invoice V11505, attached as Exhibit H.

29. Exhibit H is a true and accurate copy of Invoice V11505.

30. These invoices reflect necessaries provided and work performed on or for the benefit, the M/V RALPH E. BOUCHARD.  The charges shown in Exhibits D and H were specifically requested, agreed to, and are fair and reasonable for the work performed and the materials and supplies furnished to the M/V RALPH E. BOUCHARD and Bouchard.

31. The labor and repairs performed by STEHMO for the M/V RALPH E. BOUCHARD included dry docking the vessel, mooring of the vessel, offload fuel and storing the fuel, cleaning the fuel tanks, repairing the starboard tail shaft bladder, among other repairs to the vessel.  *See* Exhibit D and H.

32. STEHMO provided supplies to the vessels, as well, including potable water, line handlers, shore power, sewage disposal, packing material, trash services, and disposal of other trash.  *See* Exhibits D and H.

33. No payments have been made by Bouchard to STEHMO.

34. Bouchard has failed to make proper payment for the labor, materials, equipment, and repairs provided to the M/V RALPH E. BOUCHARD despite STEHMO's demands upon Bouchard for payment due.

35. STEHMO has provided in excess of $690,373.31 in necessaries and services to the M/V RALPH E. BOUCHARD. Those necessaries and services include work, labor, and materials provided to the vessel. This is in addition to interest on the outstanding payments at a rate of 1% per month, based on 2 months of arrears amounts due to $13,149.62. Interest continues to accrue.

36. STEHMO accordingly has a maritime lien against the M/V RALPH E. BOUCHARD for the full amounts due under Invoices V115003, V115004, and V115005 and for all necessaries and services provided those vessels and seeks an order of arrest of M/V RALPH E. BOUCHARD (IMO #8809983), including its engines, tackle, equipment, apparel, etc, *in rem*, in accordance with Supplemental Rule C.

37. STEHMO seeks a Warrant for the arrest of the M/V RALPH E. BOUCHARD, in accordance with Supplemental Rule C.

38. STEHMO also seeks an attachment of Defendant Bouchard's property, specifically the fuel being stored in tanks at STEHMO's shipyard, in accordance with Supplemental Rule B.

## IV.  CAUSES OF ACTION

### BREACH OF CONTRACT

39. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso*.

40. STEHMO and Bouchard entered into an agreement, specifically the Pricing Proposal with incorporated Standard Rate Sheet and Terms and Conditions, for the provision of goods and services to the M/V RALPH E. BOUCHARD. STEHMO

performed its obligations under the agreement. Bouchard, however, has not performed its contractual obligations by failing to pay for the goods and services provided and accepted on behalf of the M/V RALPH E. BOUCHARD. Bouchard's non-performance is a breach of the parties' agreement. As a result of this breach, Bouchard owes the amounts due per the Invoices, in addition to penalties and interest. As of December 12, 2019, Bouchard owes $690,373.31, in addition to interest for the work performed on the M/V RALPH E. BOUCHARD.

## RULE B ALLEGATIONS

41. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

42. Bouchard's breach of the agreement and Invoices by failing to make payments due on the Invoices give rise to an *in personam* claim for breach of contract in favor of STEHMO for all damages caused by said breach and/for which STEHMO is or will become liable.

43. Upon information and belief, damages have been outlined in paragraphs 8 – 30 and are detailed in Exhibits A-F.

44. Upon information and belief, and after investigation, neither Bouchard nor its officers or principals can be found within this judicial district for the purposes of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims. Undersigned counsel has reviewed the Mississippi Secretary of State business database and has found no listing for Bouchard, indicating that it is not a business

licensed to do business in Mississippi and indicating that it has not appointed an agent for service of process in this judicial district. Undersigned counsel has also reviewed the local white and yellow pages and has found no listing for Bouchard in this judicial district. Undersigned counsel has also conducted exhaustive Internet research which has revealed that Bouchard does not maintain any presence whatsoever in this judicial district. As such, Bouchard is not found within the district for purposes of Rule B.

45. Although Bouchard cannot be found within the District, it does own goods, chattel or other proper that is now that is now, or will soon be, within the jurisdiction of this Honorable Court.

46. Specifically, STEHMO avers on information and belief that Bouchard owns the M/V RALPH E. BOUCHARD, in addition to approximately 102,000 gallons of fuel offloaded from the vessel and stored onshore in tanks, which is currently within this District.

47. STEHMO moves this Court to issue a Maritime Warrant Attaching the 102,000 gallons of fuel off-loaded from the M/V RALPH E. BOUCHARD and into storage tanks at STEHMO's shipyard in order to satisfy the debt owed by Bouchard to STEHMO pursuant to Supplemental Rule B.

## RULE C ALLEGATIONS

48. STEHMO incorporates and restates all foregoing allegations as if copied here *in extenso.*

49. The breach of the Pricing Proposal with incorporated Standard Rate Sheet and Terms and Conditions and failure to make payments on Invoices V115003, V115004, and V115005 gives rise to a maritime lien under the general maritime law and/or other applicable law, and entitles STEHMO to a Warrant of Arrest of the M/V RALPH E. BOUCHARD, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rule of Civil Procedure in the full amount of the claim as set forth herein.

## ATTORNEY'S FEES

50. As a result of Bouchard's breach, and its failure and refusal to pay for the goods and services provided, STEHMO has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in the Pricing Proposal and incorporated Terms and Conditions and as required by the laws of the Honorable Court.

## V. PRAYER FOR RELIEF

51. For these reasons, STEHMO requests the following:

    a. That this Verified Complaint be deemed good and sufficient;

    b. That process in due form of law, according to the practice of this Court in cases of admiralty jurisdiction issue against Bouchard Transportation, Co., Inc., *in personam*, citing it to appear and answer this Verified Complaint;

c. That process according to the rules and practices of this Court in causes of admiralty and maritime jurisdiction, particularly Rules B and C of the Supplemental Rules for Certain Admiralty and Maritime Procedures of the Federal Rules of Civil Procedure may issue against the M/V RALPH E. BOUCHARD (IMO #8809983), her engines, tackle, boilers, equipment, appurtenances, etc., and other property aboard said vessel, *in rem*;

d. That pursuant to Supplemental Admiralty Rule C, this Court issue an Order directing the clerk of Court to issue a Warrant of Maritime Arrest, arresting the M/V RALPH E. BOUCHARD (IMO #8809983), their apparel, equipment, engines, freight, tackle, etc.

e. That the M/V RALPH E. BOUCHARD (IMO #8809983) be condemned and sold free and clear of all liens and encumbrances to pay STEHMO's claims, and that all persons claiming interest in same be cited to appear, and, pursuant to the Federal Rules of Civil Procedure, answers the matters alleged in the Verified Complaint;

f. That pursuant to Supplemental Admiralty Rule B, this Court issue an Order directing the clerk of Court to issue a Warrant of Maritime Attachment, attaching 102,000 gallons of fuel offloaded from the M/V RALPH E. BOUCHARD and being stored in tanks at STEHMO's shipyard;

g. That the fuel be condemned and sold free and clear of all liens and encumbrances to pay STEHMO's claims, and that all persons claiming interest in same be cited to appear, and, pursuant to the Federal Rules of Civil Procedure, answers the matters alleged in the Verified Complaint;

h. That a judgment be entered in favor of STEHMO. against the M/V RALPH E. BOUCHARD (IMO #8809983), *in rem*, and against Bouchard Transportation Co., Inc., *in personam*, for the amounts due and owing of at least $690,373.31 together with post judgment interest, costs of suit and attorneys' fees; and

i. That Plaintiff have such further and different relief as the Court may deem just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/ Allison R. Colon*
**ALLISON R. COLON**
(MS Bar. No. 103068)
acolon@grsm.com
**GORDON & REES, LLP**
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: 504-528-3088
Facsimile: 504-586-3419
*Attorney for ST Engineering Halter Marine & Offshore, Inc*

**PLEASE SERVE -**
M/V RALPH E. BOUCHARD, *in rem*,
Vessel is located at VT Halter Marine's Pascagoula yard, 900 Bayou Casotte Parkway, Pascagoula, Mississippi 39581

Bouchard Transportation Company, Inc.
Through its registered agent
Morton S. Bouchard III
48 South Service Road, Suite 150
New York, New York, 11747

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been served upon all other counsel of record via the Court's ECF system, by depositing said copy in the United States Mail, properly addressed and first-class prepaid, and/or by facsimile and/or email delivery on this 12th day of December, 2019.

                                                   */s/ Allison R. Colon*
                                                 ALLISON R. COLON (MS Bar #103068)

## VERIFICATION

STATE OF MISSISSIPPI
COUNTY OF JACKSON

BEFORE ME, the undersigned authority, personally came and appeared Jay C. Lomenick who, after being duly sworn, did depose and state on oath that the matters and things alleged in the above and foregoing Complaint are true and correct and as therein stated.

*Jay C. Lomenick*
Jay C. Lomenick, Sr. Project Manager
ST Engineering Halter Marine &
Offshore, Inc. d/b/a Halter Marine &
Offshore

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 11th DAY OF December, 2019.

*Lesley Poole*
NOTARY PUBLIC

My Commission Expires: April 12, 2022

[Notary Seal: LESLEY POOLE, NOTARY PUBLIC, ID No. 80675, Commission Expires April 12, 2022, STATE OF MISSISSIPPI, JACKSON COUNTY]