UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In Admiralty

| | | |
|---|---|---|
| ST Engineering Halter Marine & | * | CIVIL ACTION NO: 1-19-955 |
| Offshore, Inc., d/b/a Halter Marine & | * | |
| Offshore | * | |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE LOUIS GUIROLA, JR. |
| | * | |
| M/V RALPH E. BOUCHARD, | * | |
| apparel, appurtenances, etc., in rem | * | |
| *in rem*; and | * | |
| BOUCHARD TRANSPORTATION CO, | * | MAGISTRATE ROBERT H. |
| INC. | * | WALKER |

**VERIFIED COMPLAINT IN INTERVENTION**

Plaintiff, Boland Marine & Industrial, LLC ("Boland Marine"), a Louisiana limited liability company, by and through its undersigned counsel, brings this Verified Complaint in Intervention against: (i) the M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*; (ii) Tug Ralph E. Bouchard Corp., *in personam*; and, (ii) Bouchard Transportation Co., Inc. ("Bouchard Transportation"), *in personam*, and respectfully represents that:

I. **JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to 28 U.S.C. §1333, 46 U.S.C. §31341, *et seq.* and general maritime law. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rules B, C and E of the of the Federal Rules of Civil Procedure.

2.     Venue is proper pursuant to 28 U.S.C. §1391(b).

## II.    PARTIES

3.     Boland Marine is a Louisiana limited liability company with its principal place of business in Orleans Parish, Louisiana and provides berthing/dockages, security, vessel repairs, equipment, labor, maintenance, other services and vessel parts to commercial customers and vessels at various locations in the Gulf South including the Perry Street Wharf and the Poland Avenue Wharf in the Port of New Orleans.

4.     The defendants are:

(a)     M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, a United States flagged vessel which is and will be afloat upon the navigable waters of the United States and within the jurisdiction of this Court; and,

(b)     Tug Ralph E. Bouchard Corp., *in personam*, a New York business entity which conducts business in the State of Louisiana and Mississippi and is the owner of the M/V RALPH E. BOUCHARD; and,

(c)  Bouchard Transportation Co., Inc., *in personam*, a New York business entity which conducts business in the States of Louisiana and Mississippi and operator and owner of the *in rem* defendant identified above.

5.     The above *in personam* defendants are all foreign business entities with no offices in the Southern District of Mississippi; they have no agent(s) for service of process in the Southern District of Mississippi; Boland Marine is informed and believes that none of the officers of the *in personam* defendants are now within the Southern District of Mississippi; that the *in personam* defendants do not maintain a physical address or

telephone listings within the Southern District of Mississippi; that no person is present within the District to receive a summons and complaint as contemplated by *Fed. R. Civ. P. 4(d),* and, otherwise, cannot be found in the Southern District of Mississippi, but is/are subject to the *quasi in rem* jurisdiction of this Court pursuant to *Supplemental Rule B* of the *Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure* based on the presence and location of certain tangible and intangible property in the district and jurisdiction of this Honorable Court.

### III.     BOUCHARD TRANSPORTATION VESSELS

6.     At all times pertinent, the M/V RALPH E. BOUCHARD and the BARGE B. NO. 230 were paired and operated together by Bouchard Transportation as an articulated tug/barge unit.

### IV.     SUPPLEMENTAL RULE C CLAIMS

5.     Pursuant to requests by defendant Bouchard Transportation which included agreed pricing, Boland Marine provided berthing/dockage, security, labor, materials, equipment, repairs and other related services (collectively hereafter "work") to the M/V RALPH E. BOUCHARD while docked at the Poland Avenue Wharf in the Port of New Orleans in the principal amount of $90,000.00. See attached Exhibit "A" incorporated herein and made part hereof.

6.     Boland Marine provided the above-described work for the benefit of the M/V RALPH E. BOUCHARD, all of which was performed by Boland Marine in a good and workmanlike manner and accepted and utilized by the defendants.

7.     Pursuant to the parties' agreement and course of dealing, Boland Marine provided Bouchard Transportation with its Invoice No. 0719-002 dated July, 8, 2019 (attached

Exhibit "A") for its work to the M/V RALPH E. BOUCHARD in the principal amount of $90,000.00, which, despite amicable demand, and in breach of the parties' contract, remains unpaid.

8. The provision of the above-described work by Boland Marine gives rise to a maritime lien against the M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, pursuant to general maritime law and 46 U.S.C. §§ 31341, et seq.

9. In the alternative, Boland Marine is entitled to recognition of its maritime lien against the M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, under equitable principles including the doctrine of *quantum meruit* or unjust enrichment in the amounts set forth above.

## VI.  *IN PERSONAM* CLAIMS AND *SUPPLEMENTAL RULE B* ATTACHMENT

10. The work and invoices by Boland Marine, as set forth in Paragraphs 5-7 above and on the attached Exhibit "A," constitute a maritime contract(s), or in the alternative, an open account, which the defendants breached by failing to pay Boland Marine.

11. Based on the defendants' breach and non-payment, Boland Marine is entitled to recovery against all the *in personam* defendants, jointly, severally and solidarily, in the principal amount of $90,000.00, interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys fees pursuant to the terms of Boland Marine's Invoice No. 0719-002 dated July 8, 2019 (See attached Exhibit "A") and the parties' course of dealing.

12. In the alternative, Boland Marine is entitled to recovery against the *in personam* defendants jointly, severally and solidarily, in the principal amount of $90,000.00,

interest at the rate of 1.5% per month, all costs of these proceedings and reasonable attorneys fees under equitable principles including the doctrine of *quantum meruit* or unjust enrichment and the terms of Boland Marine's Invoice No. 0719-002 dated July 8, 2019 (See attached Exhibit "A") and the parties' course of dealing.

13. Pursuant to *Supplemental Rule B*, Boland Marine is entitled to process of maritime attachment of all tangible and intangible property of the in personam defendants located within the District of this Honorable Court including but not limited to the M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc.

14. All and singular, the premises and allegations in this Verified Complaint are true and correct and within the admiralty and maritime jurisdiction of the United States and this Court.

**WHEREFORE**, Boland Marine prays:

1. That process in due form of law according to the rules and practices of this Court, in causes of admiralty and maritime jurisdiction, may issue against the:

(a) M/V RALPH E. BOUCHARD, her engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, and that all persons having or claiming an interest therein may cited to appear and answer, the matters aforesaid; and,

2. That this Court enter a judgment in Boland Marine's favor in the principal amount of $90,000.00, together with interest and costs, and that the vessel described above, and its engines, tackle, apparel, equipment, appurtenances, etc., *in rem*, be condemned and sold to satisfy said judgment in preference and priority to all other claimants;

3. That this Court enter a judgment in Boland Marine's favor in the principal amount of $90,000.00, together with interest thereon, costs and reasonable attorneys fees against the *in personam* defendants, Bouchard Transportation and Tug Ralph E. Bouchard Corp., jointly, severally and solidarily;

4. That the *in personam* defendants be cited to answer and appear, and that after due proceedings are had, Boland Marine may have judgment against Bouchard Transportation and Tug Ralph E. Bouchard Corp., jointly, severally and solidarily, for the amount of any deficiency, plus any other sums and interest, costs and attorney's fees; and,

5. For all other general and equitable relief including the doctrine of quantum meruit or unjust enrichment as this Court deems just and proper.

**Respectfully submitted:**

*s/ Matthew W. McDade*
Matthew W. McDade (MS Bar No. 103207)
Paul J. Delcambre (MS Bar No. 6034)
Balch & Bingham LLP
P.O. Box 130
Gulfport, MS 39502
Telephone:  (228) 864-9900
Facsimile:  (228) 864-8221
mmcdade@balch.com
pdelcambre@balch.com
*COUNSEL FOR BOLAND MARINE & INDUSTRIAL, LLC*

and

**LAW OFFICE OF CARY A. DES ROCHES**
Cary A. Des Roches (LA Bar No. 19550)
*(Pro Hac Vice Forthcoming)*
225 Phosphor Avenue
Metairie, LA 70005
and
1100 Poydras Street
Suite 3250
New Orleans, LA 70170
Phone: (504) 588-1288
Facsimile: (504) 588-9750
cdr@desrocheslaw.com
*COUNSEL FOR BOLAND MARINE & INDUSTRIAL, LLC*

and

**COUHIG PARTNERS, LLC**
Robert E. Couhig, Jr. (La. Bar No. 4439)
*(Pro Hac Vice Forthcoming)*
Robert E. Couhig, III (La. Bar No. 29811)
*(Pro Hac Vice Forthcoming)*
Jeffrey T. Pastorek (La. Bar No. 33309)
*(Pro Hac Vice Forthcoming)*
1100 Poydras Street, Suite 3250
New Orleans, LA 70163
T: (504) 588-1288
F: (504) 588-9750
rcouhig@couhigpartners.com
jpastorek@couhigpartners.com
*COUNSEL FOR BOLAND MARINE & INDUSTRIAL, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In Admiralty

| | |
|---|---|
| ST Engineering Halter Marine & Offshore, Inc., d/b/a Halter Marine & Offshore<br>Plaintiff | * CIVIL ACTION NO: 1-19-955<br>*<br>*<br>*<br>* |
| VERSUS | * JUDGE LOUIS GIROLA, JR.<br>* |
| M/V RALPH E. BOUCHARD, apparel, appurtenances, etc., in rem in rem; and<br>BOUCHARD TRANSPORTATION CO, INC. | *<br>*<br>*<br>* MAGISTRATE ROBERT H.<br>* WALKER |

## VERIFICATION

BEFORE ME, the undersigned Notary, personally came and appeared:

PAUL SIMMONS

a person personally known to me, who, after being duly sworn, did depose and state that:

1. He makes this Verification based on his own personal knowledge.

2. He is the General Manager and a Member of Boland Marine & Industrial, LLC.

3. He read the foregoing Verified Complaint in Intervention and knows the contents thereof, and that the same are true and correct to best of his knowledge, information and belief.

4. The source of his knowledge, information and belief are the business records kept and maintained by Boland Marine & Industrial, LLC during the ordinary course of business and his communications with employees of Boland Marine & Industrial, LLC regarding their business dealings with authorized representatives of the defendants.

PAUL SIMMONS

Sworn to and subscribed before me
Notary, this 17 day of January 2020.

CARY A. DES ROCHES

CARY A. DES ROCHES
NOTARY PUBLIC
State of Louisiana, Bar No. 19550
My Commission is for life

1

FORM NO. 28

## IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
GULFPORT DIVISION

ST Engineering Halter Marine &
Offshore, Inc., d/b/a Halter
Marine & Offshore                                    **PLAINTIFF**

v.                                                   CIVIL ACTION NO. 19-955

M/V RALPH E. BOUCHARD, et al
                                                     **DEFENDANT**

### AFFIDAVIT

STATE OF LOUISIANA

COUNTY OF ORLEANS PARISH

BEFORE ME, the undersigned authority, personally came and appeared: PAUL SIMMONS, who, after being duly sworn, did depose and say that:

1. He/she has personally conducted a diligent inquiry in order to determine whether or not the defendant(s) in this action, Bouchard Transportation Co., Inc. and Tug Ralph E. Bouchard, can be found within this District;

2. He/she has reviewed local telephone directories and called the telephone directory assistance service, searched the Mississippi Secretary of State's official corporate database website, and has conducted a multi-state comprehensive electronic search of all states; and

3. Based upon the results of the inquiries here and above mentioned, to the best of his/her knowledge, information and belief, the defendant cannot be found within the county within the meaning of FRCP Supplemental Rule B.

*[signature]*

PAUL SIMMONS, GENERAL MANAGER for
Boland Marine & Industrial, LLC

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 17th DAY OF January, 2020.

*[signature]*
NOTARY PUBLIC

My Commission Expires:

_____

**CARY A. DES ROCHES**
NOTARY PUBLIC
State of Louisiana, Bar No. 19550
My Commission is for life

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery      ( ) Prepaid U.S. Mail
( ) Facsimile      ( ) Federal Express
( ) Electronic Mail      (x) CMF/ECF

This 26th day of March, 2020.

*s/ Matthew W. McDade*