UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

In Admiralty

| | | |
|---|---|---|
| ST Engineering Halter Marine & Offshore,. Inc., d/b/a Halter Marine & Offshore<br>*Plaintiff*, | § § § § | 1:19cv955 LG-RHW |
| VERSUS | § § | |
| M/V RALPH E. BOUCHARD<br>apparel, appurtenances,<br>etc., *in rem*<br>BOUCHARD TRANSPORTATION CO., INC.<br>*In personam* | § § § § § § § | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO SET SALE OF SEIZED VESSEL AND ATTACHED FUEL

Plaintiff ST Engineering Halter Marine & Offshore, Inc., d/b/a Halter Marine & Offshore ("Plaintiff" or "STEHMO"), respectfully submits this Memorandum in Support of its Motion to Set Sale of Seized Vessel and Attached Fuel.  For the reasons more fully set forth below, STEHMO requests that this Court issue an Order under Rules C and E(9) of the Supplemental Rules for Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, (hereinafter "Supplemental Admiralty Rules"), authorizing the United States Marshal for the Southern District of Mississippi to conduct an interlocutory sale of the M/V RALPH BOUCHARD on May 11, 2020, subject to change due to Coronavirus, said vessel having been seized pursuant to a Warrant of Arrest executed on December 19, 2019.  *See* Warrant of Arrest, Rec. Doc. 12.

1

STEHMO further requests that this Honorable Court issue an Order under Rule B and E(9) of the Supplemental Rules for Admiralty Claims of the Federal Rules of Civil Procedure authorizing the sale of the fuel on May 11, 2020, subject to change due to Coronavirus, which was attached by Order of this Court, pursuant to a Process of Attachment and Garnishment executed on December 19, 2019.  *See* Process of Attachment and Garnishment, Rec. Doc. 13.

I. **FACTUAL HISTORY**

STEHMO owns and operates a shipyard in Pascagoula, Mississippi, which engages in ship design, construction, and repair for both public and private clients. Defendant Bouchard Transportation Co., Inc., a company which owns and operates ocean-going petroleum barges, engaged STEHMO to perform various repairs, goods, and services on the M/V RALPH E. BOUCHARD, (IMO #8809983), a towing vessel owned by Bouchard.

STEHMO provided Bouchard a pricing proposal for the specific work to be performed on the M/V Ralph Bouchard and Barge 230.  *See* Exhibit A – Shipyard Scope of Work, Rec. Doc. 1-2.  The Pricing Proposal provided that payment would be due at the following milestones – 50% of contract price before undocking and 50% contract price and outstanding change orders upon project completion.  *See* Exhibit B, Rec. Doc. 1-3.  STEHMO issued Purchase Order 9059313, which was explicitly agreed to by Bouchard.  *See* Rec. Docs. 1-3, 1-4.  STEHMO performed the various repairs, labor, and provided materials for necessaries and services to the M/V RALPH BOUCHARD, and the work was billed through Invoices V115003 and V115004.  *See*

Invoices, Rec. Doc. 1-5.  Moreover, as a result of the nature of the repairs, STEHMO was required to offload 102,000 gallons of fuel from the M/V RALPH E. BOUCHARD and has had to pay for storage of the fuel.  STEHMO further has had to incur costs to safely power and store the M/V RALPH BOUCHARD, since the time that Bouchard delivered to the vessel to STEHMO's yard for repairs in the fall of 2019.  Plaintiff has incurred significant expenses in connection with the maintenance, fuel storage costs, wharfage, and power costs, and the work was billed through Invoices V115005, V115006, V115007, V115008, and V115009.  *See* Invoice V115005, Rec. Doc. 1-9; Invoice V115006, Rec. Doc. 40-1; Invoice V115007, Rec. Doc. 40-2; Invoice V115008, Rec. Doc. 40-3; Invoice V115009, Rec. Doc. 40-6.  The repairs and related services were essential to and necessary for the operation of the vessel and the accomplishment of the vessel's mission. The invoices were submitted to Bouchard, but Bouchard has thus far failed to pay the invoices.  Moreover, each of the above described contracts expressly provides for interest at the rate of One (1%) Percent per month from the contract date, together with reasonable attorneys fees and costs in the event of any collection action to enforce payment of the contract amount. *See* Rec. Doc. 1-8, § 7. As described more fully in STEHMO's Motion for Default Judgment (Rec. Doc. 40), the true and correct amount due under the described Invoices is therefore EIGHTY HUNDRED SIXTY FOUR THOUSAND FIVE HUNDRED SIXTY EIGHT AND 62/100 ($864,568.62) DOLLARS, which represents the total amount of Plaintiff's claim in principle plus interest. *See* Rec. Doc. 40, pp. 3 -4; Rec. Doc. 41, pp.8-11.  Interest continues to accrue.  Moreover, STEHMO has incurred $67,021.43

3

in attorneys' fee and costs incurred in bringing this action as described in STEHMO's Motion for Default Judgment, Rec. Doc. 40; *see also* Affidavit of David S. Bland, 40-4. Accordingly, STEHMO's maritime lien against the M/V RALPH E. BOUCHARD, the fuel, and Bouchard totals $931,590.05. *See* Rec. Doc. 40, pp. 3-4; Rec. Doc. 41, pp. 8-11.

STEHMO has a maritime lien against the M/V RALPH BOUCHARD and is legally entitled to have the vessel and fuel sold to satisfy any judgment which might be rendered in this matter. STEHMO provided goods and services to the vessel on the order of the owner, which constitute necessaries under federal maritime law. STEHMO is further entitled to a lien against the vessel as a result of the breach of the agreement for repair of the vessel.

## II. PROCEDURAL HISTORY

STEHMO filed this suit on January 12, 2019 against the M/V RALPH E. BOUCHARD, its apparel, appurtenances, etc. ("Vessel") *in rem*, and her disponent owners Bouchard, *in personam*, seeking damages and enforcement of its maritime lien against the Vessel, in addition to damages for breach of contract and attorneys' fees, pursuant to Rule C of the Supplemental Admiralty Rules. *See* STEHMO Verified Complaint, Request for Order to Arrest Vessel, and Request for Order to Attach Fuel, Rec. Doc. 1.

STEHMO also sought attachment of Bouchard's property that was found to be in the district, specifically 102,000 gallons of fuel that was being stored at STEHMO's yard pursuant to Rule B of the Supplemental Admiralty Rule.

Pursuant to this Court's Order dated December 19, 2019, the United States Marshal for the Southern District of Mississippi arrested the vessel on January 22, 2020. *See* Warrant of Arrest, Rec. Doc. 12. The Vessel was immediately transferred into the custody of STEHMO, who was designated as the substitute custodian by the Court. *See* Order Appointing Substitute Custodian Rule E(4)(d), Rec. Doc. 16. The Vessel currently remains in the custody of STEHMO and continues to accumulate *custodia legis* costs for berthage, insurance and other services being provided by STEHMO in its capacity as the substitute custodian.

Pursuant to Order of this Court, the U.S. Marshals seized "[a]pproximately 102,000 gallons of fuel stored on-shore in fuel tanks at 600 Bayou Casotte Pkway, Pascagoula, MS 39581" on behalf of STEHMO on January 22, 2020. *See* Process of Attachment and Garnishment, Rec. Doc. 13; *see also* U.S. Marshals Service Process Receipt and Return, Rec. Doc. 20. After the attachment, STEHMO continued to have custody of the fuel, as the tanks that the fuel was stored in were rented and paid for by STEHMO. The fuel remains in the custody of STEHMO, and it continues to accumulate rental fees for the fuel and tanks.

Pursuant to the Supplemental Admiralty Rule C(4) C(6) and Local Rule A(9), STEHMO published notice of the arrest of the vessel in the Sun Herald, a daily newspaper published in the city of Gulfport, in Harrison County, Mississippi, on the following dates: February 13, 2020, February 20, 2020, and February 27, 2020. *See* Affidavit of Publication, Rec. Doc. 28-1. Additionally, actual notice was provided to the owner of the vessel by service of the Verified Complaint. *See* Summons and Proof

of Service, Rec. Doc. 22.

Further, Bouchard was provided due notice of the arrest and seizure of the Vessel and the attachment and seizure of the fuel on January 22, 2020, when the Vessel was arrested and the fuel was attached at STEHMO's shipyard. Members of the M/V RALPH E. BOUCHARD crew were present at the time of the seizure of the Vessel and fuel, and thus were provided actual notice of the seizure. L.A.R. B(4) states that a party may be served by either attachment or service, and in this case, Bouchard has been served by both methods when only one is required.

Two other parties, Boland Marine & Industrial, LLC and Louisiana Machinery, LLC d/b/a Resource Power Group, have intervened in this action and asserted claims against the Vessel.[1]

On March 27, 2020, the Clerk of this Court entered a default in Plaintiff's favor pursuant to Rule 55(a) of the Federal Rules of Civil Procedure as to the arrest of the Vessel and the attachment claim against Bouchard related to the fuel. *See* Order Granting Entry of Default, Rec. Doc. 32. This entry of default is against Bouchard, as well as, any other natural or legal persons who have not already intervened herein, filed any answer or statement of right or interest herein pursuant to Supplemental Rule C(6) of the Federal Rules of Civil Procedure, or otherwise been made party to these proceedings and who may claim any maritime lien, rights of possession, ownership interests, or any other interests in said vessel, said fuel, and/or Bouchard

---

[1] On April 13, 2020, Bouchard finally appeared and asked this Court to set aside the Entry of Default, despite ignoring these proceedings and abandoning its property for four months. Rec. Doc. 38. Bouchard does not contest that it received notice of these proceedings.

Transportation Co., Inc. STEHMO's Motion for Default Judgment, filed pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, is already under consideration of this Court. *See* Rec. Doc. 40.

### III. LAW AND ARGUMENT

#### a. M/V RALPH BOUCHARD SHOULD BE SET FOR SALE

The vessel was seized by the U.S. Marshals for the Southern District of Mississippi on January 22, 2020. The vessel owner, Bouchard, has not answered the claims of STEHMO. Bouchard has not made any indication that it intends to post security for the release of the vessel, as the vessel remains in STEHMO's custody.

Rule E(9) of the Supplemental Admiralty Rules is specifically designed for a situation such as this. It provides the following –

> (b) Sales, Proceeds.
>
> (i) On application of a party, the marshal, or other person having custody of the property, the court may order all or part of the property sold—with the sales proceeds, or as much of them as will satisfy the judgment, paid into court to await further orders of the court—if:
>
> (A) the attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action;
>
> (B) the expense of keeping the property is excessive or disproportionate; or
>
> (C) there is an unreasonable delay in securing release of the property.

Fed. R. Civ Proc. E(9); s*ee also Silver Star Enters. v. M/V Saramacca*, 19 F.3d 1008, 1014-15 (5th Cir. 1994) (court held that both factors, excessive expense and

7

unreasonable delay in securing release of vessel, constitute valid and independent grounds for interlocutory sale).

In cases such as these, the plaintiff need only demonstrate that one of these conditions is present to justify an interlocutory sale of the vessel. *Econ. Stone Midstream Fuel, LLC v. M/V A.M. Thompson*, No. 4:08CV127-SA-DAS, 2009 U.S. Dist. LEXIS 2253, at *3-4 (N.D. Miss. Jan. 13, 2009), citing *Silver Star Enters...*, 19 F.3d at 1014. It is clear that there is an unreasonable delay in securing the release of the property. Courts have held that a lapse of three months or more in securing the release of a vessel after an arrest constitutes unreasonable delay. For example, in *Neptune Orient Lines v. Halla Merch. Marine Co.*, CIVIL ACTION NO. 97-3828 SECTION K(2), 1998 U.S. Dist. LEXIS 3745, at *21 (E.D. La. Mar. 19, 1998), the Court held that since the action was initiated three and a half months ago, no security has been posted for the vessel, and further delay of the sale would be unreasonable. *See also Silver Star Enters.,* 19 F.3d at 1014 (finding seven month delay unreasonable); *Merchants Nat'l Bank v. Dredge Gen. G.L. Gillespie*, 663 F.2d 1338, 1341-42 (5th Cir. 1981) (holding that the failure to secure the release of a vessel during the eight months after arrest constituted an unreasonable delay), *cert. dismissed*, 456 U.S. 966, 102 S. Ct. 2263, 72 L. Ed. 2d 865 (1982); *Ferrous Fin. Serv. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (holding that the failure to secure the release of a vessel during the four months after arrest constituted an unreasonable delay).

Courts have found a delay reasonable only when the delay was brief and the

shipowner demonstrated affirmative efforts to secure the release of the vessel. *Prosperity Bank v. Tom's Marine & Salvage, LLC*, No. 18-9106-WBV-MBN, 2020 U.S. Dist. LEXIS 26811, at *6 n.28 (E.D. La. Feb. 18, 2020), citing *Action Marine, Inc. v. M/V Norseman*, Civ. A. No. 96-3945, 1997 U.S. Dist. LEXIS 5898, 1997 WL 222412, at *1 (E.D. La. Apr. 28, 1997) (finding five-month delay reasonable when parties were actively attempting to resolve the terms of the vessel's release); *Entron, Ltd. v. Crane Vessel Titan* 2, Civ. A. Nos. 95-817, 95-838, 1995 U.S. Dist. LEXIS 6005, 1995 WL 258310, at *3 (E.D. La. Apr. 27, 1995) (finding one-month delay reasonable where shipowner provided affidavit stating it had already obtained a letter of intent to refinance its debts and specifying a date by which owner expected to secure vessel's release)

In this case, the vessel was arrested more than three months ago, and has remained under arrest without any attempt by Bouchard to secure its release. The M/V RALPH BOUCHARD has been in STEHMO's custody during this time, taking up crucial space at the shipyard and not earning any revenue. Despite being served and provided notice of this action in several manners, Bouchard has failed to make a claim in this litigation. Bouchard has finally appeared, only days ago. However, the vessel has sat idle for three months and continues to accrue custodial costs. STEHMO is the substitute custodian for the vessel, and continues to expend its own resources on maintaining the vessel, in addition to allow it to berth at its facility.

STEHMO avers that Bouchard's three plus month failure to appear, file a claim, and/or post security (or even attempt to post security) for release of the vessel

is an unreasonable delay. The continued arrest is serving no useful purpose, and Bouchard has had more than sufficient time to secure the release of the vessel. The sale of the vessel is simply interlocutory, changing the *res* and ceasing the mounting expenses and further deterioration of the vessel. For the foregoing reasons, STEHMO requests that this Honorable Court enter an Order directing the United States Marshal to sell the Vessel.

### b. ATTACHED FUEL SHOULD BE SET FOR SALE

As explained *infra* in section I, the fuel which had been offloaded the M/V RALPH BOUCHARD is being stored in tanks at STEHMO'S yard. The fuel was attached by Order of the Court on January 22, 2020. The cost of storing the fuel is excessive, and further, there has been an unreasonable delay in securing the release of the property.

Interlocutory sale of the fuel is justified under Rule E(9)(a)(i)(B) and (C). Fed. R. Civ Proc. E(9); *see also infra* section III(A). It is clear that the cost of keeping the fuel at STEHMO's yard is disproportionate and excessive. STEHMO had to rent tanks to store the fuel from a third-party. The monthly cost of storing the fuel, including the tanks and man-hours to monitor them, is between $18,000 and $20,000. *See* Invoices V115005 – V115009, Rec. Docs. 1-9, 40-1, 40-2, 40-3, and 40-6. The fuel has been at STEHMO's yard since September.

The inquiry as to whether the cost are excessive are dependent upon the facts of the case. Rates similar to the ones being incurred by STEHMO have been ruled excessive in other cases. *See Merchs. Nat'l Bank v. Dredge Gen. G. L. Gillespie*, 663

F.2d 1338, 1346 n.15 (5th Cir. 1981)(court held that $17,000 in monthly custodial costs were excessive and warranted interlocutory sale).

In addition, the interlocutory sale of the fuel is justified because there has been an unreasonable delay in securing the release of the property. Just as with the M/V RALPH E. BOUCHARD, the fuel was attached on January 22, 2020. It has been over three months since the fuel was attached. The time has passed for Bouchard to file an Answer or a claim for the fuel. On April 13, 2020, almost four months after suit was initiated, Bouchard appeared and requested that the Court set aside the Entry of Default. *See* Bouchard's Motion to Set Aside Entry of Default, Rec. Doc. 38. Bouchard does not contest that it was served and/or provided notice of these proceedings. The mechanism of attachment is no longer serving a purpose and is simply forcing STEHMO to incur excessive monthly costs.

Bouchard has not demonstrated an active effort to secure the release of this property. The property has been at STEHMO's yard for seven months and has been attached for three months. The facts show that an interlocutory sale of the property is necessary and justified under the law.

## IV. CONCLUSION

For the foregoing reasons, STEHMO respectfully requests that this Honorable Court enter an Order directing the United States Marshal to proceed with an interlocutory sale of the vessel and the attached fuel on May 11, 2020, subject to change due to Coronavirus.

RESPECTFULLY SUBMITTED:

/s/ Mallory G. Wynne
**David S. Bland** (admitted PHV)
dbland@grsm.com
**Mallory Wynne** (admitted PHV)
mwynne@grsm.com
**Gordon & Rees, LLP**
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: 504-528-3088
Facsimile: 504-586-3419
*Attorneys for Plaintiff, ST Engineering Halter Marine & Offshore, Inc*

And

**Allison R. Colon**
(MS Bar. No. 103068)
acolon@grsm.com
**Gordon & Rees, LLP**
909 Poydras Street, Suite 1860
New Orleans, LA 70112
Telephone: 504-528-3088
Facsimile: 504-586-3419
*Attorney for Plaintiff, ST Engineering Halter Marine & Offshore, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record through the Court's Case Management Electronic Case Files' electronic filing system on this 14th day of April, 2020.

/s/Mallory G. Wynne
Mallory G. Wynne